# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CLARISSA TURNER, *et al.*, | CASE NO. 1: 18 CV 2979 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| QUALITY INN HOTELS, | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro Se* Plaintiff Clarissa Turner has filed an *in forma pauperis* civil rights Complaint in this matter purportedly on behalf of herself and Melody M. Turner against Defendant Quality Inn Hotels. (Doc. No. 1.) Although the Complaint is unclear and does not assert any specific federal civil rights claim against Quality Inn, the Plaintiff asserts she is seeking one billion dollars in damages on the basis that Quality Inn hired a manager, Terious Turner, who shot and killed Melody M. Turner, who was the Plaintiff's grandchild. (*See id*. at page ID ##

4, 6-7.)

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). Federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Even according the Plaintiff's Complaint the deference to which a *pro se* pleading is entitled, it does set forth allegations sufficient to suggest she has any plausible federal civil rights claim against Quality Inn. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726

(6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Furthermore, the Plaintiff may not represent the interests of her grandchild in a *pro se* case. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003) (an individual may appear in federal court *pro se* to represent his or her own interests, but is prohibited from appearing *pro se* on another person's or family member's behalf).

## Conclusion

Accordingly, the Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, but her Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state any plausible federal claim upon which relief may be granted. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

          **s/ Christopher A. Boyko**
          **CHRISTOPHER A. BOYKO**
          **United States District Judge**

**Dated:** January 15, 2019